672 So.2d 46 (1996)
CITY OF MIAMI, Appellant,
v.
Mildred SANDERS, Appellee.
No. 94-2682.
District Court of Appeal of Florida, Third District.
February 21, 1996.
Rehearing Denied May 8, 1996.
A. Quinn Jones, III, City Attorney, and Leon M. Firtel, and Kathryn S. Pecko, Assistant City Attorneys, for appellant.
Kutner, Rubinoff & Bush, and Susan S. Lerner; Miami, Jonathan H. Groff, Miami Beach, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.
GERSTEN, Judge.
Appellant, City of Miami (City), appeals a final judgment in favor of appellee, Mildred Sanders (Sanders). We reverse because there is no cause of action for "negligent" use of excessive force for injuries resulting from a lawful arrest.
The facts reveal that Sanders was driving home after dropping her brother off at someone's house. Undercover police officers pulled her car over and told Sanders that her car would be towed because they just arrested her brother. Sanders was upset and asked one detective not to take her car. The detective allowed Sanders to remove her personal belongings from the car and asked her to leave.
According to the detective, Sanders refused to move. He then advised her she was under arrest. Sanders, however, turned and started to walk away. The detective then grabbed her by the shoulder and again stated she was under arrest. Sanders turned *47 around, hit the detective, and then continued walking.
The detective followed her and grabbed her shoulder again. This time, Sanders spun around and slapped him in the face, causing his glasses to fall and break. He described Sanders as "going nuts," and in an attempt to control her, they both stumbled and the detective fell on her. Sanders' ankle broke at some point during this incident.
Sanders sought damages for "negligent" use of excessive force. The jury found the City negligent in causing Sanders' damage, and found that Sanders was 35% comparatively negligent. The City now appeals, arguing that there is no cause of action for "negligent" use of excessive force.
Traditionally, a presumption of good faith attaches to an officer's use of force in making a lawful arrest and an officer is liable for damages only where the force used is clearly excessive. See Jennings v. City of Winter Park, 250 So.2d 900 (Fla. 4th DCA 1971); Restatement (Second) of Torts § 132 cmt. a (1965). If excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery. See Mazzilli v. Doud, 485 So.2d 477, 481 (Fla. 3d DCA) (Schwartz, C.J., specially concurring in part), rev. dismissed, 492 So.2d 1333 (Fla.1986).
A battery claim for excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the circumstances. Dixon v. State, 101 Fla. 840, 132 So. 684 (1931); City of Miami v. Albro, 120 So.2d 23 (Fla.3d DCA 1960); Hutchinson v. Lott, 110 So.2d 442 (Fla. 1st DCA), cert. denied, 115 So.2d 415 (Fla.1959). Law enforcement officers are provided a complete defense to an excessive use of force claim where an officer "reasonably believes [the force] to be necessary to defend himself or another from bodily harm while making the arrest." § 776.05(1), Fla.Stat. (1995).
The critical factor here, is that Sanders pleaded a cause of action for "negligent" use of excessive force in making the arrest. The problem with Sanders' legal theory is that a suit for a police officer's use of excessive force necessarily involves the intentional tort of battery. Mazzilli v. Doud, 485 So.2d at 481; see Colvin v. Curtis, 860 F.Supp. 1503 (M.D.Fla.1993, vacated on other grounds by Colvin v. McDougall, 62 F.3d 1316 (11th Cir.1995); City of Homestead v. Suarez, 591 So.2d 1125 (Fla.3d DCA 1992); Jennings v. City of Winter Park, 250 So.2d at 900; Hutchinson v. Lott, 110 So.2d at 442.
The requisite elements for intentional tort actions are obviously more stringent than the elements for negligence actions. The Restatement (Second) of Torts § 18, states the essential elements of the intentional tort of battery are intent and contact:
(1) An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) an offensive contact with the person of the other directly or indirectly results.
(2) An act which is not done with the intention stated in Subsection (1, a) does not make the actor liable to the other for a mere offensive contact with the other's person although the act involves an unreasonable risk of inflicting it and, therefore, would be negligent or reckless if the risk threatened bodily harm.
A cause of action for battery requires the showing of intentional affirmative conduct and cannot be premised upon an omission or failure to act. See Sullivan v. Atlantic Fed. Sav. & Loan Ass'n, 454 So.2d 52 (Fla. 4th DCA 1984), rev. denied, 461 So.2d 116 (Fla. 1985).
Negligence, on the other hand, requires only the showing of a failure to use due care and does not contain the element of intent. See De Wald v. Quarnstrom, 60 So.2d 919 (Fla.1952); Bucki v. Cone, 25 Fla. 1, 6 So. 160 (1889); Thompson v. Jacksonville, 130 So.2d 105 (Fla. 1st DCA 1961), cert. denied, 147 So.2d 530 (Fla.1962). As noted in McDonald v. Ford, 223 So.2d 553 (Fla. 2d DCA 1969), "An assault and battery is not negligence for such action is intentional, while negligence connotes an unintentional act."
*48 Hence, we come to the inescapable conclusion that it is not possible to have a cause of action for "negligent" use of excessive force because there is no such thing as the "negligent" commission of an "intentional" tort.
A contrary determination places a chilling effect on law enforcement efforts, and would render meaningless the defense under Section 776.05(1). See generally Seguine v. City of Miami, 627 So.2d 14, 19 (Fla. 3d DCA 1993) (recognizing that tort law should not be involved in second-guessing fundamental law enforcement policies and that governmental entities should be protected from exposure to excessive tort liability). Law enforcement officers should not have to worry about being "detectives of perspective"[1] concerning every potentional cause of action flowing from discretionary police functions.
We recognize, however, that a separate negligence claim based upon a distinct act of negligence may be brought against a police officer in conjunction with a claim for excessive use of force. Ansley v. Heinrich, 925 F.2d 1339 (11th Cir.1991); Mazzilli v. Doud, 485 So.2d at 477; Jennings v. City of Winter Park, 250 So.2d at 900. Nevertheless, the negligence component must pertain to something other than the actual application of force during the course of the arrest. It cannot serve as the exclusive basis for liability in an excessive force claim.
In conclusion, we hold that the sole basis and limit of an arresting officer's liability in making a lawful arrest is founded on a claim of battery, in that excessive force was involved in making the arrest. The concept of a cause of action for "negligent" excessive force is an oxymoron, and we decline to adopt an argument which would perhaps "make us look like oxen or morons or both." United States v. Lam, 20 F.3d 999, 1004 (9th Cir.1994). Accordingly, we reverse with directions to enter judgment in favor of the City.
Reversed.
NOTES
[1] Red Hot Chili Peppers, Walkabout, on One Hot Minute (Warner Bros. Records 1995).