SCHWARTZ, Chief Judge.
In the judgment under review, the trial court ordered the City of Miami to pay sums for the creditable years “bought in” for the time he served in the military by the appellee Dyer, a retired city police officer, in addition to the city service-connected disability retirement allowance he was receiving from its pension fund. This was plain error because, unlike the pension allowances provided under other circumstances, which are calculated on the basis of “years of creditable service,” Miami, Fla., Code § 40-212(F) (1995), the city service-connected disability provision is unrelated to that factor and is based only on the employee’s salary at retirement. The controlling provision of section 40-212(G)(5), City of Miami Code (1995) provides simply that the service incurred disability retirement allotment is
equal to sixty-six and two-thirds (66¾) percent of [the employee’s] average final compensation or sixty-six and two-thirds (66⅜) percent his final compensation, whichever is greater.
Indeed, Dyer himself took ample advantage of the distinction by winning a ruling of the Appellate Division of Circuit Court that his disability was “service-connected,” thus raising his previous allotment for a wow-service disability, calculated on the basis of his creditable years of city and military service, of $1,442.02 to $2,484.45, two-thirds of his salary. By requiring the adding of years of service to a calculation which, by law, is unrelated to that issue, the trial court created a legal centaur[1] which, however happily it may have cantered in the fields of mythology or in Fantasia, cannot survive in the real world. The judgment for Dyer is therefore reversed with directions to enter one for th'e City instead.
Reversed.

. The writer would have employed the equally appropriate word "oxymoron,” had not Judge Gersten already done so in a way impossible to follow. See City of Miami v. Sanders, 672 So.2d 46 (Fla. 3d DCA 1996).