[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16033
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-00833-GAP-GJK


JOCELYN JONES,

Plaintiff-Appellant,

versus

SPHERION ATLANTIC ENTERPRISE, LLC,
AMERICAN AUTOMOBILE ASSOCIATION, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 17, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Jocelyn Jones appeals from the district court's grant of summary judgment in favor of Spherion Atlantic Enterprise, Inc. (SAE), American Automobile Association (AAA), and Anthony Hinton in her lawsuit alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as tortious conduct under Florida common law. After review, we affirm.

I.

Jones, an African-American female, was employed by SAE, a staffing agency providing its clients with temporary employees. In May 2007, SAE assigned Jones to work for AAA as a customer service representative at a call center in Lake Mary, Florida.

During her time with AAA, Jones alleged Anthony Hinton, a call center supervisor, treated her and other female African-American employees in a hostile and demeaning manner. She also alleged Jamie Jordan, an SAE employee also working at AAA, directed unwanted sexual comments and advances toward her. Beginning in September 2007, Jones filed numerous complaints with AAA and SAE management about Hinton and Jordan.

Over the next several months, AAA monitored some of the customer calls Jones handled as a customer service representative for quality control purposes, in

2

accordance with company policy. Jones, like all customer service representatives working at the call center, received a "Quality Assurance" score based her ability to follow her call script, handle calls with courtesy, and ask appropriate questions. Jones' "Quality Assurance" scores were lower than AAA's expectations from September 2007 through December 2007. After several warnings about her poor "Quality Assurance" scores, Matt Cooper, Jones' AAA supervisor, recommended to SAE that Jones be released from her position at AAA. Following Cooper's recommendation, SAE terminated Jones from her employment at AAA in December 2007.

Jones filed this lawsuit, alleging: (1) she was subjected to "disparate treatment" at AAA because of her race and gender, in violation of Title VII; (2) SAE retaliated against her for complaining about discriminatory behavior, in violation of Title VII; (3) AAA is liable for negligently hiring and retaining Hinton as an employee; (4) and Hinton is liable for battery for brushing up against her during a confrontation. The district court granted summary judgment in favor of Appellees on all claims, prompting this appeal.

II

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court, and we draw all factual

inferences in the light most favorable to the non-moving party. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1242-43 (11th Cir. 2001). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A plaintiff cannot defeat summary judgment by relying upon conclusory allegations or speculation. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

III

*A. Disparate Treatment Under Title VII*

Title VII of the Civil Rights Act provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race . . . [or] sex . . . ." 42 U.S.C. § 2000e-2(a)(1). The parties agree Jones' disparate treatment claim is governed by the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 93 S. Ct. 1817 (1973), which requires a plaintiff to show: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly situated individual outside of her protected class. *Maynard v. Bd.*

4

*of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

Jones' Title VII claim arises out of a single incident involving Hinton, during which he allegedly subjected Jones to disparate treatment because of her race. According to Jones, Hinton harshly criticized her in September 2007 for wearing flip-flop style leather sandals in violation of AAA's employee dress code. Hinton allegedly said nothing to a white female co-worker sitting nearby whose sandals also violated the dress code. The district court granted summary judgment on this claim because Jones failed to demonstrate an adverse employment action.

Jones argues on appeal that Hinton's reprimand itself qualifies as an adverse employment action. However, criticisms of an employee's performance, whether written or oral, which do not lead to tangible job consequences, are generally not sufficient to constitute a violation of Title VII. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1241 (11th Cir. 2001). Jones offers no evidence to show the reprimand impacted the "terms, conditions, or privileges" of her job in "a real and demonstrable way." *Id.* at 1239. Accordingly, the district court did not err in granting summary judgment on this claim.

*B. Hostile Work Environment Under Title VII*

Title VII prohibits a racially or sexually hostile work environment where "a series of separate acts . . . collectively constitute one 'unlawful employment practice.'" *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008) (citation omitted). To establish a hostile work environment claim, an employee must show: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee, such as race or sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under a theory of either vicarious or direct liability. *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

The district court found on summary judgment that Jones failed to show she was subjected to harassment based on her race or gender. Without providing any citations to the record, Jones contends that three pieces of evidence regarding Hinton's conduct establish that the district court erred. First, Jones notes that she and Deserea Bright, a female African-American who worked at the AAA call center, testified that "black women, including Ms. Jones were at a disadvantage

6

due to their race." This extraordinarily broad, unqualified observation about racism against black women, however, has no bearing on whether Hinton harassed Jones at the AAA call center because of her race and gender. Second, Jones states she and Bright "testified that Hinton publicly embarrassed black women by rudely reprimanding them for violations, while ignoring the same violations of white women even after the white women's violations were pointed out to him." Contrary to Jones' argument, this conclusory position, unsupported by any specifics, does not create a question of material fact precluding summary judgment. Finally, Jones states that "Ms. Boehly, a white colleague of Ms. Jones, observed that Hinton 'singled out black women.'" Boehly's vague observation, which does not explicitly refer to harassment and contains no specific details, falls short of creating a genuine issue of material fact as to whether Hinton harassed Jones because of her race or gender.

Jones failed to show that Hinton harassed her because of her race or gender. Accordingly, we affirm.

IV.

Jones claims she was removed from her AAA assignment in retaliation for her complaints to management about the alleged racial and gender-based discrimination she experienced. The district court granted summary judgment on

this claim because Jones failed to show a causal relationship between the complaints and her subsequent removal as required to establish a *prima facie* case. Jones argues on appeal the district court erred because she did, in fact, establish a *prima facie* case. In order to establish a *prima facie* case for retaliation, a claimant must show: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relationship between the two events. *Holifield*, 115 F.3d at 1566. A plaintiff "must at least establish that the employer was *actually aware* of the protected expression at the time the employer took adverse employment action against the plaintiff." *See id.* (citation omitted) (emphasis added).

If a plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant employer to articulate a legitimate reason for the employment action. *McDonnell Douglas*, 93 S. Ct. at 1824. If the employer proffers a legitimate, non-discriminatory reason for the action, the plaintiff must then show, by a preponderance of the evidence, that the reason is false, *see St. Mary's Honor Ctr. v. Hicks*, 113 S. Ct. 2742, 2752 (1993), and "is a pretext for retaliation," *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) (citation and quotation marks omitted).

The district court did not err in granting summary judgment on Jones' Title VII retaliation claim, since Jones failed to establish that her release from AAA was causally connected to her allegations of discrimination and harassment. Jones notes all of the reprimands and low "Quality Assurance" scores occurred after she complained about Hinton and the male SAE employee, however, because she first complained about Hinton, although informally, on her second day of work at AAA, the events could not have happened in any other sequence. Moreover, Jones' first low "Quality Assurance" score was for the month of August 2007, before she made her initial formal complaint about Hinton in September 2007.

Although Jones argued that April Jaques, an SAE Human Resources manager, was the one responsible for her release from AAA, the evidence showed SAE could only release an employee upon AAA's request. Moreover, the evidence demonstrated that Matt Cooper, Jones' AAA supervisor, was the individual who actually recommended Jones' release, and the evidence did not demonstrate that Cooper ever knew about Jones' discrimination and harassment allegations.

Even if Jones had established a *prima facie* case of retaliation, she failed to demonstrate that Cooper's legitimate reason for recommending her release—four consecutive months of low "Quality Assurance" scores—was merely a pretext for

retaliation. AAA presented several employees who were fired based on unsatisfactory "Quality Assurance" scores and there was no evidence Jones' scores were manipulated or otherwise improper. Therefore, the district court did not err in granting summary judgment on this claim.

IV.

Jones argues that, after granting summary judgment to the defendants on her federal claims, the district court should have dismissed the state law tort claims without prejudice to allow them to be adjudicated in state court. Instead, the district court exercised supplemental jurisdiction over the state law tort claims and granted summary judgment in favor of Hinton on Jones' battery claim and in favor of AAA on Jones' negligent hiring and negligent retention claims.

We review a district court's decision regarding whether to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c) for an abuse of discretion. *See Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997). We review a district court's interpretation of a state statute *de novo*. *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1294 (11th Cir. 2002).

The district court did not err in exercising supplemental jurisdiction over the state law tort claims. Although the district court could have chosen to dismiss

10

Jones' state law claims without prejudice after granting summary judgment on the federal claims, it did not abuse its discretion by retaining jurisdiction and ruling on the tort claims, because: (1) the state claims involved the same incidents—Hinton's alleged harassment—that Jones' federal claims were based on; (2) there was no indication the tort claims involved complex or novel state law issues; and (3) ruling on all of Jones' claims at once served judicial economy. 28 U.S.C. § 1367(c); *see Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (citation omitted).

Moreover, the district court did not err in granting summary judgment on these claims. Hinton's alleged physical contact with Jones, by brushing against her, did not constitute battery pursuant to Florida common law. *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d DCA 1996) (citation omitted). First, Hinton testified that even if the contact occurred, it was accidental and innocuous, and there was no evidence the contact was intentional, other than Jones' conclusory statement to that effect in her complaint. *See Gatto v. Publix Supermarket, Inc.*, 387 So. 2d 377, 379 (Fla. 3d DCA 1980) (citation omitted). Second, the evidence demonstrated any contact was not offensive because Jones admitted she did not consider the contact sexual in nature, and she did not mention the "brushing" incident until after litigation began, even though she had complained about Hinton

11

previously on several occasions. *See City of Miami*, 672 So. 2d at 47 (citation omitted).

Jones' remaining negligent hiring and negligent retention claims also fail, because Florida law requires that those claims be based on an injury stemming from a tort recognized by common law, and Jones' claim were premised solely on her battery claim. *See Anderson Trucking Serv., Inc. v. Gibson*, 884 So. 2d 1046, 1052 n.2 (Fla. 5th DCA 2004). Therefore, we do not address the merits of either negligence claim.

Upon review of the record, and consideration of the parties' briefs, we affirm.

**AFFIRMED.**