[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15004
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00905-JRK

PERRY BROWN,

Plaintiff-Appellant,

versus

J.C. PENNEY CORPORATION, INC.

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 11, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Perry Brown, proceeding *pro se*, appeals the judgment of the magistrate

judge in favor of J.C. Penney Corporation, Inc. ("J.C. Penney"), following a bench

trial in Brown's state law action alleging battery, negligence, and negligent

training, which was removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. Brown's claims arise from his allegations concerning the actions of two of J.C. Penney's employees following Brown's unsuccessful attempt to shoplift items from a J.C. Penney store. Brown argues on appeal that the magistrate judge erred by not *sua sponte* declaring a mistrial after counsel for J.C. Penney accused the magistrate of assisting Brown in prosecuting his case and by subsequently ruling in favor of J.C. Penney as to all of Brown's claims.

"After a bench trial, we review the district court's conclusions of law *de novo* and the district court's factual findings for clear error." *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230 (11th Cir. 2009). We give "particular deference" to the credibility determinations made by the district court. *Gowski v. Peake*, 682 F.3d 1299, 1311 (11th Cir. 2012). We generally review the district court's applications of fact to law *de novo*. *Merrill Stevens Dry Dock Co. v. M/V Yeocomico II*, 329 F.3d 809, 813 (11th Cir. 2003). A district court's interpretation of state law is reviewed *de novo*. *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309 (11th Cir. 2007). We liberally construe *pro se* briefs and pleadings. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

In order to establish a claim of battery under Florida law, the following elements must be proven: (1) the intent to cause a harmful or offensive contact with another person; and (2) an offensive contact that directly or indirectly results.

2

*Chorak v. Naughton*, 409 So. 2d 35, 39 (Fla. Dist. Ct. App. 1981).  Under Florida law, a merchant who has probable cause to believe that a retail theft has occurred and "that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time."  Fla. Stat. § 812.015(3)(a).

A claim for negligence cannot be premised solely on a defendant's alleged commission of an intentional tort.  *See City of Miami v. Sanders*, 672 So. 2d 46, 48 (Fla. Dist. Ct. App. 1996) ("[I]t is not possible to have a cause of action for 'negligent' use of excessive force because there is no such thing as the 'negligent' commission of an 'intentional' tort.").

In order to succeed on a claim for improper training, a plaintiff "cannot merely challenge the content of the program," but instead must show that the defendant "was negligent in the implementation or operation of the training program." *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005).

Florida Statute § 776.085 provides a defense to "any action for damages for personal injury . . . [if the action] arose from injury sustained by a participant during the commission or attempted commission of a forcible felony."  Fla. Stat. § 776.085(1).  A forcible felony is one that "involves the use or threat of physical force or violence against any individual."  *Id.* § 776.08.  Resisting an officer with

3

violence to his or her person, in violation of Fla. Stat. § 843.01, qualifies as a forcible felony. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1249 (11th Cir.), *cert. denied*, 133 S. Ct. 248 (2012).

Because the magistrate judge's findings of fact were not clearly erroneous, and because the magistrate judge did not err in his conclusions of law or in his application of law to the facts, judgment properly was entered in favor of J.C. Penney as to all of Brown's claims. Based on the magistrate judge's findings of fact and credibility determinations, which are entitled to deference, Brown failed to establish the necessary elements of battery. In particular, Brown failed to establish that the J.C. Penney employees had an intent to cause a harmful or offensive contact because the magistrate judge concluded that the employees were simply trying to detain Brown until law enforcement arrived—something they were permitted to do under Fla. Stat. § 812.015(3)(a). *See Chorak*, 409 So. 2d at 39. With regard to Brown's negligence claim, the magistrate judge correctly held that a negligence claim cannot be premised on an intentional tort. *See City of Miami*, 672 So. 2d at 48. Further, the magistrate judge did not clearly err in determining that Brown had not offered sufficient proof of his negligent training claim.

Separate from these findings, the magistrate judge correctly ruled that, based on Brown's conviction for resisting an officer with violence to his or her person arising from the same events that gave rise to his claims in this case, he was barred

4

from recovery under Fla. Stat. § 776.085 for any injuries received after law enforcement arrived on the scene. *See Romo-Villalobos*, 674 F.3d at 1249. Finally, there is no merit to Brown's contention that the magistrate judge erred by not declaring a mistrial following the remarks of J.C. Penney's counsel during closing argument. Accordingly, after thorough review of the parties' briefs and the record, we affirm.

**AFFIRMED.**