ESTATE OF Federico OSORIO and Marta Garcia, as personal representative of the estate, Plaintiffs

v.

MIAMI-DADE COUNTY, Defendant

Civil Action No. 16-20200-Civ-Scola

United States District Court, S.D. Florida.

Signed June 9, 2016

Michael Peter Weisberg, Michael P. Weisberg, Miami, FL, for Plaintiff.

Annery Pulgar Alfonso, Michael Beny Valdes, Miami, FL, for Defendant.

## Order Granting Defendant's Motion to Dismiss

Robert N. Scola, Jr. United States District Judge

The Estate of Federico Osorio ("The Estate") sued the Defendant Miami-Dade County for the wrongful death of Federico Osorio ("Osorio") as well as violating his civil rights. For the foregoing reasons, the Defendant's motion to dismiss is **granted.** The Court dismisses the Estate's claim for relief under 42 U.S.C. §§ 1981 and 1903 with prejudice. To the extent that the Estate is attempting to make a civil rights claim under another statute, as well as its wrongful death claim, the Court dismisses without prejudice and grants the Plaintiff leave to amend its complaint.

## 1. Background

On March 4, 2014, two Miami-Dade county police officers were called to Osorio's house at 10511 SW 108th Avenue. (*See* Am. Compl. ¶ 2, 6, ECF No. 14.) The officers were informed by Osorio's mother that he had a history of mental illness and that he was alone inside the house. (*Id.* at ¶ 7.) The officers proceeded to enter the house by breaking through a window. (*Id.*) After confronting Osorio, the officers allegedly proceeded to shoot him fourteen times. (*Id.* at ¶ 8.) The Court has no other information on the circumstances surrounding this confrontation or Osorio's death.

On April 4, 2016, the Estate filed an amended complaint against the Defendant, alleging a civil rights violation and a state law claim for wrongful death. In the amended complaint, the Estate alleges that the officers negligently used excessive force against the mentally-ill Osorio, that Osorio's wrongful death was due to the officers' negligence, and that the Defendant is vicariously liable[1] for their actions. (*Id.* at ¶ 8-9.) Additionally, the Estate asserts a claim for a civil rights violation under 42 U.S.C. §§ 1981 and 1903, alleging that the officers' actions were partly or wholly motivated by "mental disability re-

---

1. Although the Plaintiffs assert that the Defendant is "voracious liable" (*see* Am. Compl. ¶ 8, ECF No. 14), the Court will construe this to mean "vicariously liable" for the purposes of this order. The Court is perplexed by the filing of a pleading co-authored by two members of the Bar which contains such a blatant typographical error—or worse—such a blatant misunderstanding of legal principles.

sulting from mental illness", as well as "an unreasonable fear of harm by the decedent." (*Id.* at ¶ 14-15.) The Estate also contends that the Defendant improperly trained and retained its officers, and failed to discipline or adequately investigate its officers for civil rights violations; these failures were either deliberate and the result of policy, or were performed so inadequately that it amounted to a climate of tolerance for such violations. (*Id.* at ¶ 16.) Finally, the Estate alleges that the Defendant had a policy allowing its officers to use deadly force against the mentally ill. (*Id.* at ¶ 17.) The Estate is seeking damages for attorney's fees, funeral and medical expenses, and pain and suffering. (*Id.* at ¶ 20.) On April 20, 2016, the Defendant moved to dismiss. (*See* Def. Mot. to Dismiss 3-6.) The Estate filed an, unhelpful, two-page "reply" to the motion to dismiss, which cites zero statutes or cases.

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails

to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

## 3. Discussion

### A. Wrongful Death Claim

The Estate's first claim alleges that the Defendant is liable for Osorio's wrongful death under Florida law. In the state of Florida, the right of action for wrongful death arises "[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person ... and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued ...." Fla. Stat. § 768.19. The Estate claims the cause of the wrongful death was the officers' negligent use of excessive force.

Although, generally speaking, negligence can be the basis of a wrongful death suit, no cause of action for the *negligent use of force* exists under Florida law. *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1294 (11th Cir.2009) (finding that the plaintiff failed to state a claim for wrongful death because "it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force.") (citing *City of Miami v. Ross*, 695 So.2d 486, 487 (Fla.3d DCA 1997); *City of Miami v. Sanders*, 672 So.2d 46, 48 (Fla.3d DCA 1996)). As Florida's Third District Court of Appeal detailed in *City of Miami v. Sanders*, a plaintiff's allegations for excessive force must first overcome the presumption of good faith afforded to an officer's use of force, whereby an officer is only liable for damages if the force used is found to be clearly excessive. 672 So.2d at 47. Under Florida law, an "officer is justified in the use of any force ... [w]hich he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest". Fla. Stat. § 776.05. Therefore, if a

plaintiff does overcome this good faith presumption and the force applied by the officer is deemed to be clearly excessive, then it is considered to be the intentional tort of battery. *Sanders*, 672 So.2d at 47. Because an officer's use of excessive force is necessarily considered an intentional tort, it cannot, therefore, be "negligent" because it is impossible to negligently commit an intentional tort. *Id.* at 48. Therefore, the Estate's wrongful death claim for negligent excessive force fails as a matter of law. *Lewis*, 561 F.3d at 1294.

■ Even if the Court were to analyze the wrongful death claim based on an intentional tort rather than negligence, the Estate has failed to allege any facts concerning the confrontation between Osorio and the officers, nor any evidence that their actions were clearly excessive or not reasonably believed to be necessary given the circumstances. Without any facts detailing the circumstances of the encounter, the Estate cannot overcome the good faith presumption surrounding the officers' actions. *See Andrade v. Miami–Dade County*, No. 09–23220–Civ, 2011 WL 4345665, at *7 (S.D.Fla. Sept. 16, 2011) (Lenard, J.).

### B. Civil Rights Violation

In addition to the wrongful death claim, the Estate brings a federal claim for a civil rights violation. The amended complaint bases this claim in statutes 42 U.S.C. §§ 1981 and 1903. However, neither of these statutes is applicable to the instant case. Section 1981 pertains only to claims for discrimination based upon race, not mental disability or illness. Section 1903, which now exists under 29 U.S.C. § 49, simply establishes the United States Employment Service within the Department of Labor. Even after the Defendant pointed out in its motion to dismiss that these two statutes are inapplicable, the Estate nevertheless reasserted its claim under the two statutes. (See Pl.'s Reply to Def.'s Mot. to Dismiss ¶ 2-3.) The Estate, however, simply lists the paragraphs from its amended complaint that assert the violation, and again fails to allege facts or explanations to support such allegations. Because the Estate cannot establish a civil rights violation under either of these statutes, the Estate's claim under §§ 1981 and 1903 fail as a matter of law.

■ As the Defendant did, the Court will construe the Estate's claim for a civil rights violation as it pertains to 42 U.S.C. § 1983, which provides that

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ...."

It is well established that a municipality may be held liable under § 1983 only when the deprivation at issue was undertaken pursuant to city "custom" or "policy," and not simply on the basis of respondeat superior. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1479–80 (11th Cir.1991) (citations omitted). Recovery "from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." (*Id.*) (citations omitted). "A 'municipal act' is not, however, limited to decisions made by the city's official legislative body or in written agreements." *Id.* "City policy also may be implicated by the acts of individual policymaking officials or by pervasive city custom." *Id.* (citation omitted).

■ To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, "although not authorized by written law or express municipal policy, is 'so permanent

and well settled as to constitute a 'custom or usage' with the force of law[.]" *Id.* at 1480–81 (citations omitted). In other words, a longstanding and widespread practice is deemed authorized by the City's policymaking officials because they must have known about it, but failed to stop it. *See id.*

■■■ The Estate provides no such factual allegations of a single official or unofficial policy that has been promulgated by the Defendant, nor does it identify a final policymaker. It simply makes conclusory statements about the Defendant's improper training, retainment, and discipline of its officers, as well as its intentional failures to investigate civil rights violations. The Estate also states a conclusory allegation that the Defendant has a policy of allowing its officers to use deadly force on the mentally ill, but again offers no facts in support of such a conclusion. Therefore, even if the Court considers the Estate's claims under § 1983 rather than § 1981 or § 1903, the Estate has not plead sufficient facts to support a civil rights violation. See *Watts v. City of Miami*, No. 15–cv–21271–RNS, Dkt No. 68 at 13 (dismissing plaintiff's § 1983 claims based on insufficient allegations) (Scola, J.).

## C. Conclusion

For the foregoing reasons, the Defendant's motion to dismiss is **granted.** The Estate's civil rights claim is dismissed with prejudice regarding 42 U.S.C. §§ 1981 and 1903. The other claims or theories of liability are dismissed without prejudice. The Estate must amend its complaint by July 1, 2016, or the Court will grant judgment for the Defendant and close the case.

**Done and ordered** in chambers, at Miami, Florida, on June 9, 2016.