[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11109

_____

ALECIA KIRBY,
CARLOS CRUZ,

Plaintiffs-Appellees,

*versus*

SHERIFF OF CITY OF JACKSONVILLE, FLORIDA, et al.,

Defendants,

L. F. SHERWIN,
Individually and in his official capacity as an officer
with the Jacksonville Sheriff's Office,
E. M. MEGELA,
Individually and in his official capacity as an officer

2                      Opinion of the Court                      22-11109

with the Jacksonville Sheriff's Office,

                                                    Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00332-BJD-JBT

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

On May 30, 2020, Plaintiffs Alecia Kirby and Carlos Cruz (the "Plaintiffs") were involved in a demonstration in Jacksonville, Florida, protesting the death of George Floyd in Minneapolis, Minnesota, five days earlier. In this case against four officers of the Jacksonville Sheriff's Office (the "JSO"), Plaintiffs allege that the officers, acting pursuant to JSO policy, viciously beat and then falsely arrested them, both acts done in violation of the Fourth Amendment.[1] The arrest, Plaintiffs allege, was also retaliation for exercising their First Amendment rights and amounted to common law

---

[1] The Fourth Amendment applies to state and local governments through the Due Process Clause of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691–92 (1961).

battery.[2] Two of the officers, L.F. Sherwin and E.M. Megela (the "Appellants"), moved the District Court to dismiss these claims on the ground that they are entitled to qualified immunity. The Court denied their motions. They now appeal the denial of their motions with respect to the beating claims. We have jurisdiction of their appeal under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision . . . .'"). We find no error in the District Court's rulings and accordingly affirm.

## I.

Plaintiffs' Amended Complaint (the "Complaint") states four claims against Appellants and two other officers, Doe #1 and Doe #2 (collectively the "Officers").[3] Count 1, brought under 42

---

[2] The First Amendment, like the Fourth, applies to state and local governments through the Due Process Clause of the Fourteenth Amendment. *See Edwards v. South Carolina*, 372 U.S. 229, 235, 83 S. Ct. 680, 683 (1963) ("It has long been established that these First Amendment freedoms[—free speech, free assembly, and freedom to petition for redress of grievances—]are protected by the Fourteenth Amendment from invasion by the States.").

[3] The Appellants appealed the denial of the motion to dismiss Counts 1 and 2 of the Complaint as to *them*. Counts 1 and 2 of the Complaint as they relate to the other defendants, as well as Counts 3 and 4 as they relate to all the Officers, including Officers Sherwin and Megela, remain pending in the District Court. The Court stayed those proceedings pending resolution of this appeal.

Plaintiffs' Complaint also stated claims against the Sheriff of the City of Jacksonville. He was listed as a defendant to Counts 1, 3, and 4. The Complaint

U.S.C. § 1983, alleges that the Officers' beatings constituted the use of "excessive force" in violation of the Fourth Amendment. Count 2 alleges that the Officers' conduct constituted a common law battery. Count 3, also under § 1983, alleges that the Officers falsely arrested Plaintiffs in violation of the Fourth Amendment. Count 4 alleges that the Officers arrested them in retaliation of their exercising their First Amendment right to peacefully protest Floyd's death.

Appellants moved the District Court to dismiss Counts 1, 2, and 4 of the Complaint as to them. The District Court denied the motion. In substance, there is only one issue before this Court on appeal[4]: whether Defendants are entitled to qualified immunity on the Count 1 claims because Plaintiffs' Complaint fails to establish that they were the officers who beat Plaintiffs in violation of the

---

also alleged a count of Florida common law negligence solely against the Sheriff. The Sheriff moved the District Court to dismiss the claims against him. The District Court granted his motion to dismiss, and those claims are not before us here.

[4] The issue on appeal is quite narrow. Appellants seem to concede that whoever beat Plaintiffs, the beating violated Plaintiffs' clearly established Fourth Amendment rights. They do not dispute that Plaintiffs state plausible excessive force claims against the Doe defendants; nor do they dispute that Plaintiffs state plausible § 1983 claims for false arrest and retaliatory arrest against all of the Officers, including themselves. The sole issue on appeal is whether the Complaint "state[s] a plausible claim for excessive force against [Officers Sherwin and Megela] – whether or not the Plaintiffs' theory is based on a failure to intervene." Reply Br. at 1.

Fourth Amendment.[5]   We examine the allegations of the Complaint with the identity issue in mind.  In determining whether the Complaint plausibly alleges that Appellants beat Plaintiffs in violation of the Fourth Amendment, we take as true the facts alleged in the Complaint and construe them in the light most favorable to Plaintiffs.[6] *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).

### A.

The Complaint alleges that the JSO was on notice that a contingent would be in Jacksonville on May 30, 2020, protesting Floyd's death, so the JSO prepared to encounter it.  The Office planned how to deter and prevent the protest, and encouraged its officers to use force in controlling it.

Plaintiffs Kirby and Cruz participated in the Jacksonville protest.  Both Kirby and Cruz acted in a peaceful and lawful manner in

---

[5] In addition to whether the Complaint states a plausible claim of excessive force against Officers Sherwin and Megela, Appellants have also appealed the denial of the motion to dismiss the common law battery claims against them (Count 2).  Because in order to allege a plausible common law battery claim against the Appellants, Plaintiffs needed to plead a plausible excessive force claim against them, deciding the excessive force issue necessarily decides the battery issue.

[6] We would be remiss if we did not note that regardless of whether the Complaint sufficiently identifies *Appellants* as the officers who beat Plaintiffs, it is conceded that the Complaint alleges Plaintiffs were beaten by JSO officers. Once the Officers answer the Complaint and discovery ensues, Plaintiffs will be able to seek information to verify the identities of their alleged attackers.

exercising their constitutional rights to assemble. At no time did Plaintiffs commit any acts of violence toward anyone, nor did they threaten anyone physically, including the Officers.

Plaintiffs, as well as other protestors, were attacked by JSO officers during the peaceful protest. The JSO officers fired crowd deterrents, such as tear gas, into the gathering, while a number of officers blocked off the intersections and potential routes for peaceful protestors to vacate.

Plaintiff Kirby had her hands in the air stating, "Hands up, don't shoot," and was attempting to leave the protest area when she was forcefully taken to the ground by an officer who neither spoke commands to her nor told her she was being placed under arrest. Kirby was pinned to the ground and kicked in the face by an officer, who then deliberately slammed her head into the street pavement. The officer continued to restrain Kirby with force. As a result, Kirby suffered a concussion, facial contusions and lacerations, and other injuries.

Similarly, a JSO officer approached Plaintiff Cruz and—without making any statement or command—began to choke him. Cruz was forcefully taken to the pavement by that officer and suffered a knee injury, contusions, lacerations, and other injuries.

Defendant Sherwin, a JSO patrol officer, arrested Kirby (for an offense the Complaint does not disclose). Defendant Megela, also a JSO patrol officer, arrested Cruz (for a similarly undisclosed offense). Defendants Doe #1 and #2, also JSO patrol officers,

participated in the attacks on Kirby and Cruz, respectively. Each of the Officers, as well as other JSO officers, were in "close proximity" to the beatings and failed to take any reasonable steps to protect Plaintiffs from the other defendants' excessive force.

*B.*

On March 25, 2021, the Plaintiffs filed suit in the Middle District of Florida. Appellants moved the District Court to dismiss. As relevant here, the District Court denied Officer Sherwin and Officer Megela's claims to qualified immunity for the excessive force allegations.

Specifically, the Court found that the Complaint alleged that Defendant "Sherwin and/or Doe #1" used excessive force when one or both beat Plaintiff Kirby, slammed her head into the street pavement, and kicked her in the head. Likewise, the Court found that the Complaint alleged that Defendant "Megela and/or Doe #2" used excessive force when one or both beat and choked Plaintiff Cruz.

The District Court held: "Plaintiffs plausibly alleged facts demonstrating the absence of violent protests on their part and that their Fourth Amendment rights to be free from excessive force were violated. Moreover, this violation was to Plaintiffs' clearly established rights." Order, Doc. 37 at 14. The Court found that Plaintiffs had plausibly alleged a constitutional violation against Sherwin, Megela, and the Doe defendants for excessive force. The Court ultimately stated that it "[could not] find, at this stage, that

the level of force used against Plaintiffs was acceptable for any reason." *Id.*

Because Plaintiffs plausibly pleaded enough facts to overcome the Officers' claim of qualified immunity, the District Court held that they had also pleaded enough facts to state a claim for battery under Florida law. Officers Sherwin and Megela timely appealed.

## II.

A district court's denial of a Rule 12(b)(6) motion to dismiss based on qualified immunity is a question of law we review *de novo*. *Corbitt*, 929 F.3d at 1311. In ruling on a 12(b)(6) motion, this Court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* The scope of our review must be limited to the four corners of the complaint, and the burden of persuasion is on the plaintiff. *Id.*

A defendant can assert the defense of qualified immunity at various stages, including, as here, in a pretrial motion to dismiss for failure to state a claim under Rule 12(b)(6). *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). But "[w]here it is not evident from the allegations of the complaint alone that the defendants are entitled to qualified immunity, the case will proceed to the summary judgment stage," which is "the most typical juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of further litigation." *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002), *abrogated on other*

*grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395, 135 S. Ct. 2466, 2472 (2015).

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[7] *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). The Supreme Court has established a two-part test for evaluating a claim of qualified immunity. We must ask (1) whether, taken in the light most favorable to the injured party, the facts alleged show the officer's conduct violated a constitutional right; and (2) if the right violated under those alleged facts was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).[8]

## A.

The first issue before us, then, is whether the facts alleged in Plaintiffs' Complaint show the Appellants' conduct violated their

---

[7] It is undisputed in this appeal that the Officers were government officials performing discretionary functions.

[8] While *Saucier* mandated that district courts and courts of appeals handle those steps in order in every case, that is no longer the case. Courts have discretion to consider these two questions in which ever order they find appropriate in light of the particular case. *See Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818 (2009). To overcome a claim of qualified immunity, both questions must be answered affirmatively. If the answer to one is "no," the court need not reach the other.

constitutional rights.[9]  This requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 127 S. Ct. 1955, 1964 (2007)).  To survive a motion to dismiss, a complaint must plead facts sufficient to "state a claim for relief that is plausible on its face," or enough facts to "nudge a plaintiff's claims across the line from conceivable to plausible."  *Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022) (quoting *Twombly*, 50 U.S. at 570, 127 S. Ct. at 1974) (alterations adopted).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal

---

[9] This case is somewhat out of the ordinary because the dispute in many qualified immunity excessive force cases centers on whether the force that was used violated the plaintiff's constitutional rights—that is, whether the use of force was objectively reasonable.  This case, however, presents more of a Rule 8 pleading issue, because the argument is not that Plaintiffs did not allege a constitutional violation.  Appellants admit that *someone* violated Plaintiffs' constitutional rights.  They argue that the Complaint did not allege that the *Appellants* committed the constitutional violation.

quotation marks omitted). "This analysis is not formulaic; instead 'determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950) (alterations adopted).

According to the Appellants, the only claim reasonably alleged against them would be a failure to intervene claim. Even in that context, they argue that the Complaint fails to show they had a realistic opportunity to prevent the illegal conduct and were in a position to intervene. But neither the Plaintiffs in their Complaint nor the District Court in its Order relied on a failure to intervene theory. The Complaint alleged—plausibly so, according to the District Court—excessive force in violation of the Fourth Amendment.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. All claims that law enforcement officers used excessive force while making an arrest are analyzed under the Fourth Amendment's reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989). This requires balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the government's interest in safely apprehending the suspect." *Stryker v. City of Homewood*, 978 F.3d 769, 773 (11th Cir. 2020) (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. at 1871). Balancing those interests

12                    Opinion of the Court                    22-11109

necessitates "careful attention to the facts and circumstances of each particular case," and focuses on: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Graham*, 490 U.S. at 396, 109 S. Ct. at 1872.

Detailed analysis of the *Graham* factors is not warranted here because the Appellants concede that *someone* violated Plaintiffs' constitutional rights. Their argument is that the Complaint does not sufficiently allege that it was *them*. Our reading of the Complaint, taken in the light most favorable to the Plaintiffs, shows the following alleged facts: (1) Sheriff Williams was aware of the protest and encouraged JSO officers to be physical with the protestors; (2) Plaintiffs Kirby and Cruz were peacefully protesting and were at no time violent or threatening; (3) Plaintiffs Kirby and Cruz were beaten and brought to the ground; (4) the Appellants were in close proximity to the beating; (5) the Appellants arrested Kirby and Cruz; and (6) the Appellants and/or unknown officers committed the violence. These facts, taken together, allow the inference that Appellants were the officers who seized Plaintiffs. Under Rule 8, this is enough to plausibly allege that Appellants contributed to or participated in the violence, which they concede was a violation of the Plaintiffs' constitutional rights.[10]  *See Velazquez v. City of*

---

[10] If the Plaintiffs had alleged more than this, they may have run afoul of Federal Rule of Civil Procedure 11, which states that in presenting a pleading to

*Hialeah*, 484 F.3d 1340, 1342 (11th Cir. 2007) (holding that evidence that a plaintiff was beaten and that two defendant officers were in close proximity to the beating would "permit[] the jury, if it believes that [the plaintiff] was beaten, to find that both of the officers administered the excessive force").

### B.

Because Plaintiffs' Complaint sufficiently alleges that the Appellants violated their constitutional rights, we must also decide whether, at the time of the May 30, 2020 protest, those rights were clearly established. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093 (2012)). Plaintiffs can show that a constitutional right was clearly established in three ways: (1) citing case law with indistinguishable facts that clearly establishes the constitutional right; (2) pointing to a broad statement of principle within the Constitution, statute, or case law that clearly establishes the constitutional right; or (3) alleging conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law. *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009) (citing *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005)).

---

the court, an attorney represents that "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

The Appellants frame the issue as whether, on May 30, 2020, "the law in the Eleventh Circuit clearly established that an officer uses excessive force by simply being in the 'proximity' of an individual who is the victim of an unknown officer's alleged excessive force." Appellants' Br. at 18–19. But that is not what the Plaintiffs alleged, and it is not what the District Court decided. The District Court found, and we agree, that the Complaint plausibly alleges that the Appellants themselves participated in the excessive force, as well as in Plaintiffs' arrest, not that they were merely in close proximity to the excessive force and failed to do anything about it.

The question, then, is whether in these circumstances clearly established law prohibited the force Appellants allegedly used on Plaintiffs Kirby and Cruz. The answer to that question is yes. *See Stephens v. DeGiovanni*, 852 F.3d 1298, 1328 n.33 (11th Cir. 2017) (concluding that the law is clearly established that officers can't use "gratuitous force" on a "non-resisting" suspect "when the excessive force is applied prior to the handcuffing [] in the course of the investigation and arrest"); *Patel v. City of Madison*, 959 F.3d 1330, 1340 (11th Cir. 2020) (same).

Because the Complaint plausibly alleges that the Appellants violated Plaintiffs' Fourth Amendment constitutional right to be protected from excessive force, and because that right was clearly established at the time of the May 30, 2020 protest, Appellants are not entitled to qualified immunity on the excessive force claims at this stage.

### IV.

Finally, the Appellants also appealed the denial of their motion to dismiss Count 2 as to them, arguing that the Complaint failed to state a claim against them for common law battery.

### A.

As an initial matter, we must address the issue of appellate jurisdiction. Federal courts have an independent obligation to examine *sua sponte* their own jurisdiction over a case. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). This Court's jurisdiction is limited to "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Typically the denial of a motion to dismiss is not considered a final order.

The Supreme Court created an exception to that general rule when qualified immunity was implicated. *See Mitchell*, 472 U.S. at 530, 105 S. Ct. at 2817. For that reason, we have appellate jurisdiction over the District Court's denial of the motion to dismiss Count 1. The same cannot be said regarding denial of the motion to dismiss Count 2—the state-law battery claim. *See Andreu v. Sapp*, 919 F.2d 637, 640 (11th Cir. 1990) ("Qualified immunity is a defense to federal causes of action and does not protect officials from claims based upon state law.").

However, "[a]n appeal from the denial of qualified immunity may implicate this Court's discretionary pendent appellate jurisdiction." *Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016). Under our pendent appellate jurisdiction, "we may address

otherwise nonappealable orders if they are inextricably intertwined with an appealable decision." *Jackson v. Humphrey*, 776 F.3d 1232, 1239 (11th Cir. 2015) (quotation omitted) (alteration adopted). "Matters may be sufficiently intertwined where they 'implicate the same facts and the same law.'" *Smith*, 834 F.3d at 1292 (quoting *Jackson*, 776 F.3d at 1239) (alterations adopted).

We choose to exercise pendent appellate jurisdiction over the denial of the motion to dismiss the battery claims as to the Appellants. The resolution of the battery claims is "inextricably intertwined" with the resolution of the excessive force claims. As both parties agree, if the Complaint plausibly states a claim of excessive force against Appellant, it necessarily plausibly states a claim of common law battery under Florida law.

### B.

Turning to the merits, battery has two elements under Florida law: (1) intent to cause a harmful or offensive contact; and (2) a resulting offensive contact with the person of another. *Baxter v. Roberts*, 54 F.4th 1241, 1272 (11th Cir. 2022) (quoting *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. 3d Dist. Ct. App. 1996)). Under Florida law, a battery claim for excessive force in the arrest context is analyzed by focusing on whether the amount of force was reasonable under the circumstances. *Id.* at 1272–73. "If excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery." *Id.* at 1273 (quoting *Sanders*, 672 So. 2d at 47).

Because Plaintiffs plausibly pleaded a claim of excessive force in violation of the Fourth Amendment against the Officers, they have necessarily met the standard for pleading a common law battery claim against them as well.

## V.

Plaintiffs sufficiently stated plausible claims of excessive force under 42 U.S.C. § 1983 and common law battery against the Appellants, and the Appellants are not entitled to qualified immunity at this stage of the proceeding.[11] The District Court's order is therefore

**AFFIRMED.**

---

[11] We say nothing as to the strength of the allegations against the Appellants, nor as to what will happen at future stages of the proceeding. We only hold that Plaintiffs have plausibly stated excessive force and battery claims against Appellants, and that Appellants are not entitled to qualified immunity on the excessive force claim at this stage in the proceeding.