178 So.2d 5 (1965)
KNIGHT & WALL COMPANY, a Florida corporation, Spicola Hardware Company, Inc., a Florida corporation, Younkin Sports Supply, Inc., a Florida corporation, Appellants,
v.
Farris BRYANT, Governor of Florida, Tom Adams, Secretary of State, Ray E. Green, Comptroller, James W. Kynes, Attorney General, J. Edwin Larson, Treasurer, Thomas D. Bailey, Superintendent of Public Instruction, and Doyle E. Conner, Commissioner of Agriculture, as and constituting the State Revenue Commission, and J. Ed Straughn, As Director of the State Revenue Commission, Appellees.
No. 33660.
Supreme Court of Florida.
June 30, 1965.
Rehearing Denied September 13, 1965.
*6 C. DuBose Ausley of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellants.
Earl Faircloth, Atty. Gen., Sam Spector and Ira Weinstein, Asst. Attys. Gen., for appellees.
THOMAS, Justice.
This appeal comes from a decree resolving a frontal assault on Chapter 63-527, Acts of 1963, levying a tax generally on fishing, hunting, camping, swimming and diving equipment purposed to finance programs of the outdoor recreational development council. Parenthetically, one of the cases decided in the final decree, King Kole, Inc. v. Farris Bryant, Governor,[*] involving an attack on the title of the act so far as it relates, or does not relate, according to the point of view, to swim suits as diving equipment is now pending in this court.
The chancellor was at pains in his decree to enumerate many articles which by usage could become taxable under the act yet by a dissimilar but equally practical usage would be exempt and it is not difficult to envisage countless instruments that would be equally convenient in the fish camp and in the home. Although the appellants challenge the law on three specific grounds predominant in the presentation of their position *7 is the thought that there would be insurmountable difficulty in determining the taxability or "exemptibility" of myriads of articles usable in everyday life that could or might be adaptable to activities in "fishing, hunting, camping, swimming" or "diving".
But the difficulty of classifying such property for tax purposes is the burden of administration and the possibility or probability that the task is fraught with difficulty would not justify the courts in declaring, for that reason, the law invalid. We think the point was well put by the chancellor when he pronounced that "difficulty to the executive or the judiciary departments of government does not justify the Courts in overthrowing or emasculating by construction the considered action of the legislature."
The appellants first assert that the title of the act is defective when measured by the requirement of Sec. 16, Art. III of the Constitution, F.S.A., that "each law * * * shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * *."
In scores of decisions this court has announced what titles should contain and what titles need not contain. In general while they are not required to be indices of the provisions in the body of the Act, McCord v. Smith, Fla., 43 So.2d 704, they must be sufficiently informative to obviate the surprise or fraud that would spring from hidden provisions not indicated in the title. State v. Florida State Turnpike Authority, Fla., 80 So.2d 337. There is no occasion to repeat the principles now.
Measured by these rules we do not find the title of Chapter 63-527 so defective that we are impelled to hold it deficient although we entertain some doubt about the terminology "swimming and diving equipment" putting a reader on notice that it encompasses bathing suits, a point presented in the King Kole case. Nevertheless it is not a doubt of such cogency that impels us to declare the law for that reason unconstitutional bound as we are to uphold the Act unless shown to be invalid beyond a reasonable doubt, a rule to which we will presently refer.
The appellants next complain that the chancellor erred when he rejected their contention that powers attempted to be vested in the Revenue Commission would constitute an unlawful delegation of legislative powers "because * * * so vague, incomplete and uncertain" as not to afford "proper guidelines for the administrative body to follow." (Italics supplied.)
We think the present act comes within the rule first enunciated in Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789, and reiterated in Ex parte Lewis, 101 Fla. 624, 135 So. 147, and Stewart v. Stone, Fla., 130 So.2d 577, that "the Legislature may not delegate the power to enact a law, or * * * to exercise an unrestricted discretion in applying a law; but it may enact a law * * designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose."
The responsibilities and powers of the "Revenue Commission," mentioned in the question seem to be circumscribed by the language of the Act, the general purpose prescribed in Sec. 1, Part (1) of the Chapter and by Sec. 212, F.S.A. These appear to establish the goal toward which the legislature was directing energies and funds.
Lastly appellants contend that the chancellor erred when he held that the act does not offend against the equal protection and due process clauses of the State and Federal Constitutions.
*8 Obviously the objects sought to be taxed are those used in outdoor activities utilizing the natural resources of the State and the funds derived from the taxes are to be used to promote and develop those very activities by financing programs of the outdoor recreation and conservation act of 1963.
Two rules of construction should be brought into play, namely, (1) all acts of the legislature are presumed valid and (2) an act should not be toppled unless it be determined invalid beyond a reasonable doubt. Davis v. State, Fla., 146 So.2d 892.
Indulging the presumption and relying for enlightenment upon the record, the briefs, and the opinion of the able chancellor, we conclude that we should not disturb the decree whch held the Act impregnable.
Affirmed.
ROBERTS, THORNAL and HOBSON (Retired), JJ., concur.
DREW, C.J., and O'CONNELL and CALDWELL, JJ., dissent.
NOTES
[*] Fla., 178 So.2d 2.