299 So.2d 8 (1974)
STATE of Florida, Appellant,
v.
John W. HOLDEN, Jr., Appellee.
No. 44415.
Supreme Court of Florida.
July 24, 1974.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellant.
Clinton M.T. Green, St. Petersburg, of the Law Offices of Clinton Marvin Tyler Green, Seminole, for appellee.
McCAIN, Justice.
This case is before the Court on direct appeal of an order of the County Court for Pinellas County, dismissing a charge of disorderly intoxication because of the unconstitutionality of Florida Statutes, Section 856.011. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
On June 28, 1973, the appellee, John W. Holden, Jr., was informed against in two informations charging, to-wit: disorderly intoxication and resisting arrest. On the trial date, the appellee-defendant made a motion to dismiss the information charging disorderly intoxication because of the unconstitutionality of Fla. Stat. § 856.011. The trial court dismissed the charge of disorderly intoxication following stare decisis in that the statute had previously been declared unconstitutional by Judge Michael N. Athanson, County Judge in the County Court for Pinellas County in In Re Case of State v. Lucas, (Not Reported).
Florida Statutes, Section 856.011 provides:
"(1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance."
In order to evaluate whether a statute should be held unconstitutional as an abuse of the delegation of legislative power, this Court has set out certain guidelines for such a determination. In Knight and Wall Co. v. Bryant, 178 So.2d 5 (1965), this Court stated, in reiterating the rule from Ex parte Lewis, 101 Fla. 624, 135 So. 147, that:
"... [T]he Legislature may not delegate the power to enact a law, or ... to exercise an unrestricted discretion in applying a law; but it may enact a law... designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of *9 the law within its expressed general purpose." Id. 178 So.2d at 7.
Clearly the statute under review is a delegation of power to arresting officers; however, this discretion vested by the statute is controlled and confined to situations where the public safety is endangered. It is certainly not an attempt to regulate the morality of any individual but rather it is a valid attempt to protect the health, safety and welfare of the public in general and as such it must be considered a valid delegation of authority. See Safer v. City of Jacksonville, 237 So.2d 8 (Fla. App. 1970).
The next possible affront to the constitutionality of the statute is whether the statute is void for vagueness and overbreadth. This Court in Smith v. State, 237 So.2d 139 (1970), quoting from People v. Smith, 36 Cal. App. Supp.2d 748, 92 P.2d 1039 (1939), stated:
"To make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited."
In United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877 (1947), the Supreme Court of the United States, when considering standards proscribing conduct thereafter to be punished, stated:
"... The Constitution has erected procedural safeguards to protect against conviction for crime except for violation of laws which have clearly defined conduct thereafter to be punished; but the Constitution does not require impossible standards." Id. at 7, 67 S.Ct. at 1542. (Emphasis supplied.)
When viewing the words used in this statute, to-wit: "endanger the safety of another person or property," and "cause a public disturbance" within the general meaning given to words, the statute gives a definite warning as to the specific conduct prohibited. See State v. Magee, 259 So.2d 139 (Fla. 1972) and St. Petersburg v. Waller, 261 So.2d 151 (Fla. 1972).
Therefore, based upon the foregoing statement of authority, the decision of the County Court for Pinellas County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and DEKLE, JJ., concur.