433 So.2d 611 (1983)
Kenton Anthony BLAKE, Appellant,
v.
STATE of Florida, Appellee.
No. AN-280.
District Court of Appeal of Florida, First District.
June 17, 1983.
*612 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING
JOANOS, Judge.
Having considered the appellant's motion for rehearing, we grant the motion in part and withdraw the decision and opinion filed May 6, 1983, substituting the following decision and opinion in lieu thereof.
This is an appeal of probation revocation based on charges of disorderly intoxication, resisting arrest with violence, and escape, of which appellant was found guilty.
The charges resulted from an episode in which a waitress at a Burger Hut Restaurant called the sheriff's department after appellant and a woman who was with him caused some confusion and concern at the restaurant. Deputies Frier and Wimberly investigated the call. They talked with appellant, who initially denied having been at the Burger Hut, but then admitted that he had been there. Upon being confronted, appellant, who was holding a beer can and smelled strongly of alcohol, began flapping his arms around and said he wanted to know why they were always picking on him. Deputy Frier said that he and Wimberly were standing close to appellant and he could have hit them with his arms, therefore they arrested appellant based on "past history of Mr. Blake and the actions he was taking in [the officers'] presence." There was also testimony that appellant was talking loudly, using profanity, and causing "sort of a little disturbance." Following the arrest, as he was being patted down for weapons, appellant broke away from the officers and ran off. Frier chased and eventually caught appellant and the two struggled before Frier was able to handcuff appellant.
Appellant argues that the arrest for disorderly intoxication was illegal, therefore all three charges upon which his probation was revoked must fail. He contends his actions in talking loudly and flapping his arms did not violate the disorderly intoxication statute.
We agree that appellant's behavior did not amount to disorderly intoxication as described in Section 856.011(1), Florida Statutes, and discussed in State v. Holden, 299 So.2d 8 (Fla. 1974) and T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979). However, we do not agree that all of the charges must fail along with the charge of disorderly intoxication. In Harbin v. State, 358 So.2d 856 (Fla. 1st DCA 1978), this court reversed a disorderly conduct conviction, but upheld the conviction for resisting arrest with violence, citing Section 776.051(1), Florida Statutes, and State v. Saunders, 339 So.2d 641 (Fla. 1976) (footnote 2). A review of those authorities indicates that the finding that appellant was guilty of resisting arrest with violence may stand even though the arrest was illegal. See also Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978). However, since we cannot be certain that the trial court would revoke appellant's probation and impose the same sentence on the basis of the finding that he was guilty only of resisting arrest with violence, we remand this case to the lower court for a redetermination of these matters. See Watts v. State, 410 So.2d 600 (Fla. 1st DCA 1982).
REVERSED in part and REMANDED.
MILLS and THOMPSON, JJ., concur.