566 So.2d 39 (1990)
Carl JERNIGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1195.
District Court of Appeal of Florida, First District.
August 22, 1990.
Rehearing Denied September 19, 1990.
Barbara M. Linthicum, Public Defender; Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
This is an appeal from a final judgment and sentence finding the appellant guilty of disorderly intoxication and resisting arrest without violence. The appellant raises two issues on appeal: (1) Whether the trial court erred in not granting a motion for judgment of acquittal on the charge of disorderly intoxication where there was insufficient evidence presented to support the charge, and (2) whether appellant's conviction for resisting arrest without violence must be vacated if the court determines that the motion for judgment of acquittal on the disorderly intoxication count should have been granted. We reverse as to issue 1 and affirm as to issue 2.
The appellant, a dispatcher for the City of Alachua Police Department, went to the police station on May 19, 1988, while intoxicated and distraught over a relationship with a female dispatcher.
*40 One of the police officers talked the appellant into going outside to a loading ramp so as not to disturb the operations of the police department, and after a brief period, talked the appellant into leaving. Later that night, however, the appellant returned to the station. He came in the rear door, threw down his keys then took off his sunglasses, crumpled them, and threw them down. According to the chief of police, the presence of Jernigan upset the entire police department.
The appellant was again escorted to the loading ramp where he had a discussion with the chief and two officers. Chief Dampier testified that Jernigan used profanity, but Officer West could not recall that appellant had used profanity. Chief Dampier told Jernigan that if he did not leave he would be arrested. Jernigan stated that there weren't enough of them to arrest him and stiffened his arms to prevent being handcuffed. A scuffle ensued where the appellant put one of the officers in a headlock and ripped his shirt. The appellant was ultimately subdued and arrested.
The officers all agreed that Jernigan appeared to be intoxicated. Chief Dampier thought he was intoxicated enough to be arrested for DUI.
The appellant was charged with disorderly intoxication and resisting arrest with violence. A trial was held, and at the end of the state's case, the defense moved for a judgment of acquittal. The motion was denied. A jury found the appellant guilty of disorderly intoxication and resisting arrest without violence, a lesser included offense.
To sustain a conviction for disorderly intoxication as described in section 856.011(1), Florida Statutes, the state must prove not only that a person is intoxicated but that the public safety is endangered. State v. Holden, 299 So.2d 8 (Fla. 1974). In Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983), the Holden standard was applied to reverse a conviction for disorderly intoxication where a defendant who smelled of alcohol was holding a can of beer, flapping his arms around, and "talking loudly, using profanity and causing `sort of a little disturbance.'" Blake at 612. In the instant case, appellant's conduct prior to his arrest was no more culpable than the defendant in Blake. We, therefore, find that the conviction for disorderly intoxication must be reversed.
The appellant asserts that if his conviction for disorderly intoxication is reversed then he had a lawful right to resist an illegal arrest and that his conviction for resisting arrest without violence must be overturned. K.Y.E. v. State, 557 So.2d 956, 959 (Fla. 1st DCA 1990). An arrest made for an incorrect charge, however, is not illegal if the officer had probable cause to arrest the defendant for an independent charge. Blanding v. State, 446 So.2d 1135 (Fla. 3rd DCA 1984).[1] In the instant case, it is apparent from the record that the officers had probable cause to arrest the defendant for trespass. See § 810.08(1), Fla. Stat. (1989). The arrest was, therefore, not illegal and the defendant's conviction for resisting arrest may stand.
Appellant's conviction for disorderly intoxication is reversed, but his conviction for resisting arrest without violence is affirmed.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] In K.Y.E. v. State, supra, the issue of whether the officers had probable cause to arrest the defendant for an independent charge was not addressed.