889 So.2d 988 (2004)
Felicia H. DANIEL, Appellant,
v.
VILLAGE OF ROYAL PALM BEACH, Florida, Stacy Preece, and Daniel Fellows, Appellees.
No. 4D04-688.
District Court of Appeal of Florida, Fourth District.
December 22, 2004.
*989 Patrick B. Flanagan of Flanagan, Maniotis, Berger & Ryan, P.A., West Palm Beach, for appellant.
Richard H. McDuff and Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke, *990 Piper & McDuff, P.A., Fort Lauderdale, for appellee Village of Royal Palm Beach.
Stephanie Deutsch of Weiss, Serota, Helfman, Pastoriza, Guedes, Cole & Boniske, P.A., Fort Lauderdale for appellees Stacy Preece and Daniel Fellows.
GROSS, J.
Felicia Daniel appeals a final summary judgment entered against her on her claims for false arrest and malicious prosecution. We affirm, because the record evidence conclusively demonstrated that there was probable cause to arrest Daniel for reckless driving, a charge for which she was later tried and acquitted.
To prevail on a motion for summary judgment, the moving party must conclusively demonstrate that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. See Fla. R. Civ. P. 1.510(c); Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966). "The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party." Holl, 191 So.2d at 43. The correctness of summary judgment is a question of law which is reviewed de novo by this court. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The existence of probable cause is crucial to both false arrest and malicious prosecution. In a malicious prosecution case, the plaintiff must establish an absence of probable cause as an element of the tort; in a false arrest case, the existence of probable cause is an affirmative defense. See Jackson v. Navarro, 665 So.2d 340, 342 (Fla. 4th DCA 1995). "[P]robable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person [arrested] is guilty of" a criminal offense. Mailly v. Jenne, 867 So.2d 1250, 1251 (Fla. 4th DCA), review denied, 884 So.2d 23 (Fla.2004).
Here, the arresting officer had probable cause to arrest Daniel for reckless driving. Section 316.192(1), Florida Statutes (2003), provides that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."
Three witnesses gave the arresting officer information that supported the reckless driving charge. First, civilian witness Nancy Leach gave a written statement at the scene. She observed a near accident between Daniel's station wagon and an unmarked police car driven by Deputy Sheriff April Sovich. She saw Daniel "swerving in and out of traffic," and believed that Daniel purposely slowed her vehicle to "harass" Deputy Sovich. A second civilian witness, Michael Arbarchuk, saw Deputy Sovich swerve to avoid a crash. He told the arresting officer that Daniel passed Deputy Sovich's car and "gave the lady [Deputy Sovich] the finger." He indicated that Daniel pulled in front of Deputy Sovich and "stopped very quickly in the middle of the road causing" her to hit the stopped car.
Third, Deputy Sovich told the arresting officer that she had "swerved to avoid" Daniel's station wagon. Daniel "threw her hands in the air and appeared to be yelling" at Deputy Sovich. Daniel changed lanes, "threw up the middle finger of her hand" at Deputy Sovich while speeding by, and "pulled directly in front" of her. Once in front of Deputy Sovich, Daniel "kept hitting her brakes and then speeding up."
This information justified the arresting officer in making the arrest. Reckless driving is a misdemeanor. Section 901.15(5), Florida Statutes (2003), authorizes a warrantless misdemeanor arrest *991 for violations of Chapter 316 that occur within an officer's presence. Under the "fellow officer rule," Deputy Sovich's observations could be imputed to the arresting officer to justify the arrest under the statute. See State v. Adderly, 809 So.2d 75, 76-77 (Fla. 4th DCA 2002); Huebner v. State, 731 So.2d 40, 44 (Fla. 4th DCA 1999).
For the purpose of finding probable cause, it does not matter, as Daniel argues, that the arresting officer placed her under arrest for aggravated assault. The validity of an arrest does not turn on the offense announced by the officer at the time; if there is a valid charge for which a person could have been arrested, probable cause exists. See State v. Cote, 547 So.2d 993, 996 (Fla. 4th DCA 1989); Jernigan v. State, 566 So.2d 39, 40 (Fla. 1st DCA 1990); Gasset v. State, 490 So.2d 97, 98 (Fla. 3d DCA 1986).
Daniel points to the existence of many factual disputes concerning her encounter with Deputy Sovich. However, these disputes are not material to the existence of probable cause. That the civilian witnesses provided certain information to the arresting officer was not in dispute; this information justified the arrest, even if Daniel had a different version of the events.
WARNER, J., and SILVERMAN, SCOTT, Associate Judge, concur.