DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MANUEL F. PALANCAR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-3935

[July 6, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502011CF009077BXXXMB.

Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, C.J.

Manuel Palancar appeals the orders revoking probation and imposing a prison sentence. We agree that the trial court erred in finding that the state proved the new offense of disorderly intoxication, and we reverse and remand for the court to reinstate probation.

Pursuant to a negotiated plea, Palancar was placed on probation for a drug offense. Among other terms, the probation order provided, by numerically designated paragraphs, the following:

(5) You will live without violating any law. . . .

. . . .

(7) You will not use intoxicants to excess . . . .

. . . .

(9) You will . . . comply with all instructions your officer may
give you.

In special condition 3, the order placing Palancar on probation also provided that Palancar would pay for drug testing.

About one year after Palancar was placed on probation, the state alleged that he violated special condition 3 by failing to pay for drug testing; violated condition 5 of his probation by committing the offense of disorderly intoxication; violated condition 7 of his probation by using intoxicants to excess, as evidenced by his arrest for disorderly intoxication; and violated condition 9 of his probation by failing to follow instructions (not to violate the law), as evidenced by his arrest for disorderly intoxication.

At the final VOP hearing, two witnesses testified for the state. The probation officer confirmed that he had explained the terms of probation to Palancar. Officer Cadselie Serralta testified as follows. He was off duty but working as a security officer at a restaurant. He was sitting on the edge of the street bordering the parking lot when a white truck, driven by Palancar, pulled into the parking lot and almost hit him. Palancar and a woman passenger exited the truck and entered the restaurant.

About ten minutes later, Palancar left the restaurant. A restaurant employee approached the officer and told him "they couldn't serve him and his girlfriend . . . because they were too intoxicated." The manager and employees wanted the officer to intervene because Palancar was getting ready to drive, and the employees had observed Palancar and his girlfriend fall off of a stool in the restaurant.

Officer Serralta approached the truck and observed Palancar arguing with the woman. At that time, there were about three or four people "hanging out just south" of where Palancar was standing, "and then behind us towards the entrance of the restaurant and west of . . . where his vehicle was parked." Serralta was not aware of how many people were in the restaurant other than Palancar, the woman, and the restaurant employees.

Officer Serralta could smell alcohol on Palancar's breath. He told Palancar that he could not drive. Palancar was initially compliant but then he became "a little loud" and was "causing a commotion," leading Serralta to direct him to "step aside, step back," and "calm down, be quiet." Palancar "was yelling and did cause a disturbance where we had onlookers." Officer Serralta acknowledged that he was familiar with

2

Palancar from previous encounters and that Palancar speaks loudly. When he told Palancar he would have to take a taxi, Palancar became "belligerent" and threatened "to sue us and that type of stuff." Officer Serralta arrested Palancar for disorderly intoxication.

The trial court found that Palancar violated conditions 5 (commit no new criminal offenses) and 9 (comply with the probation officer's instructions to not commit a new crime), but that the state did not prove a violation of condition 3 (pay for drug testing). *The court simply failed to address condition 7 (refrain from using intoxicants to excess).*

The court sentenced Palancar to a prison term and in response to a motion to correct sentencing error, the court entered a written revocation order, which revoked Palancar's probation and found him in violation of conditions 5, 7, and 9, but not 3. In response to still another motion to correct sentencing error, the court "corrected" the revocation order to reflect that Palancar violated only conditions 5 and 9.

On appeal, Palancar argues that the state did not prove disorderly intoxication where there was no evidence that he caused a public disturbance or endangered the public safety, and thus the trial court erred in finding he violated conditions 5 and 9.

"While a trial court has broad discretion to determine whether a person has willfully and substantially violated his probation, findings supporting that determination must be supported by competent, substantial evidence." *White v. State*, 170 So. 3d 144, 145 (Fla. 1st DCA 2015).

The state alleged Palancar violated his probation by, among other things, committing the new offense of disorderly intoxication and failing to follow his probation officer's instructions by committing the new offense.

Section 856.011, Florida Statutes, provides in pertinent part: "No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance." § 856.011(1), Fla. Stat. (2014).

"[U]nder the plain language of the statute, 'disorderly intoxication' is defined and proscribed in two distinct ways: (1) where the person is intoxicated and endangers the safety of another person or property; and (2) where the person is intoxicated or drinks alcohol in a public place or on a public conveyance and causes a public disturbance." *Royster v. State*,

643 So. 2d 61, 64 (Fla. 1st DCA 1994).

Palancar does not dispute there was sufficient evidence of his intoxication. At issue in the instant case is whether the state proved that Palancar caused a public disturbance or endangered the public safety. Palancar's belligerent behavior toward the officer is not, standing alone, sufficient to establish that he was causing a public disturbance. *See Jernigan v. State*, 566 So. 2d 39, 40 (Fla. 1st DCA 1990) (holding that appellant's use of profanity and aggressive behavior did not amount to disorderly intoxication); *Blake v. State*, 433 So. 2d 611, 612 (Fla. 1st DCA 1983) (holding that appellant's "actions in talking loudly and flapping his arms did not violate the disorderly intoxication statute").

The state argues that the evidence established that a crowd formed as a result of Palancar's behavior. Officer Serralta initially testified that there were two groups of people near the scene at the time of Palancar's conduct. This, standing in isolation, would not have established a public disturbance, because the record is devoid of any evidence that people gathered as a result of Palancar's conduct or that they were in any way affected by his conduct. However, Serralta also testified that Palancar "was yelling and did cause a disturbance where we had onlookers." Evidence that an intoxicated person's behavior draws a crowd may be sufficient to establish that an intoxicated person has caused a public disturbance. *See Cross v. State*, 374 So. 2d 519, 520-21 (affirming disorderly intoxication conviction where evidence showed that defendant's aggressive behavior toward police officer and his loud use of profanity drew "[s]everal persons . . . to the scene").

The officer's testimony, taken in its entirety, did not make it clear that onlookers were drawn to the scene due to Palancar's behavior or were otherwise affected by his behavior. *See C.P. v. State*, 644 So. 2d 600, 602 (Fla. 2d DCA 1994) (finding there was no evidence the public was disturbed where "there was testimony that several witnesses heard the [defendant's] speech, [but] there was no testimony that anyone filed a complaint concerning it"); *K.G. v. State*, 338 So. 2d 72, 74 (Fla. 3d DCA 1976) (finding the disorderly conduct statute was constitutionally applied to a juvenile where an officer testified that her loud use of obscenities caused people to come out of their houses and to join the juvenile in yelling profanities at the officers).[1]

---

[1] We recognize that these opinions involve disorderly conduct rather than disorderly intoxication, but we find the analysis contained in the opinions helpful with regard to the element of "cause a public disturbance." Similar to the disorderly intoxication statute, the disorderly conduct statute prohibits conduct

The state also argues that it proved disorderly intoxication by establishing that Palancar's conduct endangered the public. It points to the evidence that Palancar almost hit the officer with his truck. To his credit however, Officer Serralta acknowledged that he could not tell whether Palancar's intoxication caused him to almost hit the officer. Officer Serralta testified that he decided not to conduct a DUI investigation and that he gave Palancar "the benefit of the doubt because at that point you know I was standing at the side at the edge of the road."

Because the state did not establish that Palancar committed a new offense, it logically follows that the trial court should not have revoked Palancar's probation for his failure to follow instructions (to not commit new violations of the law), as that ground for violation was patently based on Palancar's arrest for the new offense. *See Robinson v. State*, 907 So. 2d 1284, 1286 (Fla. 2d DCA 2005) ("[I]t is improper to revoke probation solely on proof that the probationer has been arrested." (citation omitted)).

Special condition 7 (no use of intoxicants to excess) was—perhaps inadvertently—"lost in the shuffle" and never made it into the trial court's final order finding a probation violation and therein revoking probation. As such, there was no finding of a violation of special condition 7.

*Reversed and remanded for reinstatement of probation.*

TAYLOR and MAY, JJ., concur.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***

---

which has some effect on the public. *See* § 877.03, Fla. Stat. (2016) ("Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree[.]").