# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1901
_____

GLEN KIMBREL, in his official
capacity as Sheriff of Calhoun
County, Florida, and HUNTER
CHASON, individually,

    Appellants,

    v.

CHRISTINA CLARK,

    Appellee.

_____

On appeal from the Circuit Court for Calhoun County.
Brandon J. Young, Judge.

May 22, 2024

OSTERHAUS, C.J.,

After being arrested by officers responding to a domestic incident at her home, Christina Clark sued the Calhoun County Sheriff and a deputy for false arrest and battery. The Sheriff's Office defendants moved for summary judgment on sovereign immunity grounds. They argued that responding officers had probable cause to arrest Appellee for committing domestic battery and only used the force necessary to secure her lawful arrest. After the trial court partly denied their motion, The Sheriff's Office defendants appealed. We affirm in part and reverse in part.

I.

The Calhoun County Sheriff's Office responded to Appellee's home after her husband sought help following a domestic altercation. Appellant Sheriff's Deputy Hunter Chason responded and determined with another officer that both Appellee and her husband had committed domestic battery. Both were placed under arrest.

What happened next is disputed by the parties. Appellant Chason testified that after he placed Appellee into the patrol car, she became aggressive hitting and kicking at the vehicle's door and window. When Chason opened the door, Appellee pushed her way past him. Then, when he attempted to return Appellee to the vehicle, "she continued to resist, kicking me multiple times in the stomach and in the chest and throat area." In response, Chason deployed his taser, which facilitated Appellee's return to the back seat of the vehicle.

Appellee told a different story. Her deposition testimony acknowledged being arrested and placed in the patrol car. She described tapping on the door with her knees to ask a question. But then, according to Appellee, "Deputy Chason opened the door [and] tased me twice." Appellee says she never left the vehicle.

After her arrest, Appellee filed a civil complaint for false imprisonment and battery against the Sheriff and Deputy Chason. The Sheriff's Office defendants filed answers and moved for summary judgment on sovereign immunity grounds. After a hearing, the trial court entered a written order partly granting and partly denying summary judgment. On the false arrest counts, the court ruled that Deputy Chason had probable cause to arrest Appellee for the domestic battery involving her husband. But the court stopped short of completely granting summary judgment on her false arrest claims in view of disputed facts surrounding how Appellee was treated at her arrest. Additionally, the court ruled that it couldn't resolve on summary judgment Appellee's officer-battery claims or whether reasonable force had been used "because there is conflicting evidence regarding what occurred after [Deputy] Chason made the decision to arrest [Appellee] for domestic battery." The Sheriff's Office Defendants then appealed.

## II.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). We have jurisdiction insofar as Florida Rule of Appellate Procedure 9.130(a)(3)(F)(iii) authorizes this Court to review a nonfinal order that denies a motion asserting sovereign immunity. *See Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 933 (Fla. 2004) ("[B]asic judgmental or discretionary governmental functions are immune from legal action."). This Court reviews an order granting summary judgment de novo. *See, e.g., Carter Dev. of Mass., LLC v. Howard*, 285 So. 3d 367, 370 (Fla. 1st DCA 2019).

## A.

Appellants argue, first, that the trial court erred by partly denying their summary judgment motion on the false imprisonment counts. They argue that because the court found probable cause to arrest Appellee for the domestic battery involving her husband, no false imprisonment should have survived irrespective of the merits of Appellee's officer-battery claim. We agree.

"The tort of 'false imprisonment' or 'false arrest' is the unlawful restraint of a person against his or her will, and the gist of the action is the unlawful detention of the person and the deprivation of his or her liberty." *Spears v. Albertson's Inc.*, 848 So. 2d 1176, 1178 (Fla. 1st DCA 2003). Because a detention must be unlawful to proceed on this claim, probable cause is a defense to false imprisonment. *See Fla. Game and Freshwater Fish Com'n v. Dockery*, 676 So. 2d 471, 474 (Fla. 1st DCA 1996) ("To succeed in their claim that they were entitled to the affirmative defense of probable cause to the claim of false arrest, the defendants were required to show that the facts and circumstances known to the arresting officers were sufficient to cause a reasonably cautious person to believe that the suspect was guilty of committing the crime."). When analyzing a probable cause defense, "[t]he validity of an arrest does not turn on the offense announced by the officer at the time; if there is a valid charge for which a person could have been arrested, probable cause exists." *Daniel v. Village of Royal Palm Beach*, 889 So. 2d 988, 991 (Fla. 4th DCA 2004) (citing et al

*Jernigan v. State,* 566 So.2d 39, 40 (Fla. 1st DCA 1990)); *see also Garcia v. Casey*, 75 F.4th 1176, 1187 (11th Cir. 2023) ("Under the 'any-crime rule' an officer is 'insulate[d] from false-arrest claims so long as probable cause existed to arrest the suspect for *some* crime, even if it was not the crime the officer thought or said had occurred.'").

Here, the trial court found that law enforcement officers had probable cause to arrest Appellee for the battery involving her husband. That determination isn't challenged on appeal. The other disputed charge (battery on the officer) caused Appellee no additional detention. Because probable cause existed to arrest Appellee for domestic battery, Appellee's detention was lawful. It was error for the trial court to stop short of fully granting Appellants' motions for summary judgment as to both false imprisonment claims. *See Fla. Game and Freshwater Fish Com'n,* 676 So. 2d at 474.

B.

Appellants' second argument is that the trial court erred by denying summary judgment on Appellee's officer-battery allegation. In reviewing the trial court's order, we consider the record evidence in the light most favorable to the non-movant, drawing all reasonable inferences in support of the conclusion that Appellee has raised a jury issue on her battery claims. *See Blue v. Weinert*, 284 So. 3d 1176, 1177 (Fla. 1st DCA 2019) (quoting *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985) ("[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.").

A police officer may be liable for the use of excessive force (i.e., battery) while effectuating a lawful arrest. *See, e.g., City of Miami v. Sanders,* 672 So. 2d 46, 47 (Fla. 3d DCA 1996). Police officers receive a presumption of good faith, however, as to the use of force applied during a lawful arrest. *City of Miami,* 672 So. 2d at 47. Officers are only liable for damage where the force used is "clearly excessive." *Id.* "[O]rdinary incidents of [an] arrest . . . do not give rise to an independent tort." *Lester v. City of Tavares*, 603 So. 2d 18, 19–20 (Fla. 5th DCA 1992). § 776.05, Fla. Stat. (establishing

4

that "[a] law enforcement officer . . . need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. The officer is justified in the use of any force . . . [w]hich he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm when making the arrest."). Thus, battery claims for excessive force are "analyzed by focusing upon whether the amount of force used was reasonable under the circumstances." *City of Miami,* 672 So. 2d at 47. If an officer uses excessive force, the "ordinarily protected use of force . . . is transformed into a battery." *Id.*

Appellants point to evidence showing that they used reasonable force in arresting Appellee. But the trial court found "conflicting evidence regarding what occurred" after the decision was made to arrest Appellee for domestic battery. Appellant Chason and Appellee gave materially conflicting accounts of the arrest. Appellant Chason testified that Appellee pushed past him and out of the patrol car and repeatedly kicked him before he deployed his taser. While Appellee says that she never left the vehicle and that Appellant Chason needlessly tased her twice while she sat in the back seat.

On this record, we find no error in the trial court's finding of disputed material facts. A rational jury could seemingly side with either parties' version of events incident to Appellee's arrest. And, depending on these findings of fact, either Appellant might possibly be liable. *See, e.g., City of Boynton Beach v. Weiss*, 120 So. 3d 606, 611 (Fla. 4th DCA 2013) (describing personal liability for acts done in "bad faith or with malicious purpose or . . . disregard of human rights, safety, or property"); (explaining how a government employer could be "held liable for an employee's intentional act(s) as long as the employee is acting within the course and scope of his employment and the act or omission is not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of the plaintiff's rights").

We, therefore, AFFIRM in part and REVERSE in part and remand for further proceedings consistent with this opinion.

ROBERTS and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Alyssa M. Yarbrough and Timothy M. Warner, of Warner Law Firm, P.A., Panama City, for Appellants.

Ashley N. Richardson and Marie A. Mattox, of Marie A. Mattox, P.A., Tallahassee, for Appellee.